Dear Mr. Jacobs:
This letter is in response to your question asking:
 Is it proper for a County Clerk to release a voter list showing names, dates of birth and addresses of voters to an individual for use for commercial purposes, in this case a person engaged in the insurance business; or does the statute permit distribution of that information only in the context of election activity?
It is our understanding that your opinion request does not refer to whether or not an election authority shall make available voter registration information to any candidates upon request. Instead, it is our understanding that your opinion request relates only to whether or not an election authority shall make available certain voter registration information to an individual for commercial purposes.
House Bills Nos. 1471, 970 1021, Eighty-Third General Assembly, Second Regular Session, became effective on August 13, 1986, except with respect to certain provisions which are not relevant here. This legislation repealed certain statutory provisions relating to election procedures and enacted in lieu thereof thirty-seven new sections relating to the same subject.
Section 115.157 as enacted by House Bills Nos. 1471, 970 
1021 provides as follows:
 The election authority may place all information on any registration cards in computerized form. No election authority shall furnish to any member of the public a tape or printout showing any registration information, except as provided in this section. The election authority shall make available tapes, printouts and mailing labels showing voters' names, dates of birth, addresses, townships or wards, and precincts for a reasonable fee determined by the election authority. The election authority shall also furnish, for a reasonable fee, a printout where available, mailing labels or other record showing the names, dates of birth and addresses of voters within the jurisdiction of the election authority who voted in any specific election, including primary elections, by township, ward or precinct. The election authority that has registration records in computerized form shall have printed in even-numbered years a copy of the voter registration list. One copy of the computerized printout, if available, shall be supplied to all candidates and party committees upon request for a reasonable charge.
It is a well settled rule of statutory construction that when a statute is plain and unambiguous, there is no room for construction and it must be applied by the courts as it was written by the legislature. United Air Lines, Inc. v. StateTax Commission, 377 S.W.2d 444 (Mo. 1964). In this regard, the foregoing statutory provision provides in part that the election authority shall make available tapes, printouts and mailing labels showing voters' names, dates of birth, addresses, townships or wards, and precincts for a reasonable fee determined by the election authority. In addition, the election authority shall furnish, for a reasonable fee, a printout where available, mailing labels or other record showing the names, dates of birth and addresses of voters within the jurisdiction of the election authority who voted in any specific election, including primary elections, by township, ward or precinct.
Therefore, in response to your request, it is our opinion that a county clerk shall make available tapes, printouts and mailing labels showing voters' names, dates of birth, addresses, townships or wards, and precincts for a reasonable fee determined by the county clerk. In addition, the county clerk shall furnish, for a reasonable fee, a printout where available, mailing labels or other record showing the names, dates of birth and addresses of voters within the jurisdiction of the county clerk who voted in any specific election, including primary elections, by township, ward or precinct. That the individual will use this information for commercial purposes does not affect this conclusion.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General